IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN FITZGERALD TALLEY, JR., | ) | |
| # 271564, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-452-RAH-SMD |
| | ) | (WO) |
| DEBORAH TONEY, *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Adrian Fitzgerald Talley, Jr., an Alabama inmate, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for reckless murder and his resulting sentence. Doc. 1.[1] For the reasons that follow, the undersigned Magistrate Judge recommends that Talley's petition be dismissed as time-barred under the federal statute of limitations. *See* 28 U.S.C. § 2244(d).

**I.**     **INTRODUCTION**

On November 30, 2016, a Montgomery County jury found Talley guilty of reckless murder, in violation of ALA. CODE § 13A-6-2(a)(2). Doc. 11-3 at 164. On January 17, 2017, the trial court sentenced Talley to 60 years in prison. Doc. 11-1 at 70. Talley filed a motion for a new trial, which the trial court denied. Doc. 11-1 at 78, 92.

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

Talley appealed, arguing that the trial court erred in denying his motion for a new trial based on his claim that the State's evidence was conflicting as to who shot the victim. Doc. 11-4. On January 5, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion rejecting Talley's claim and affirming his conviction. Doc. 11-5. Talley did not apply for rehearing or petition the Alabama Supreme Court for certiorari review. On January 24, 2018, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 11-6.

Talley filed no postconviction petition seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.

Talley filed this § 2254 petition on June 29, 2021.[2] In it, he claims: (1) he is entitled to a new trial based on "newly discovered evidence," specifically, his codefendant Hakeem Miles's testimony at a sentencing hearing in September 2017 that he participated in the murder and that Talley was not involved;[3] (2) no probable cause was shown for the charges against Talley or for his arrest, which deprived the trial court of jurisdiction to try him; (3) testimony from "witnesses Johnson and May" was not credible and should not have been admitted; and (4) defense counsel rendered ineffective assistance. Doc. 1 at 5–10.

---

[2] Talley's petition was date-stamped as received by the Court on July 6, 2012, but Talley avers that he placed the petition in the prison mailing system on June 29, 2021. Doc. 1 at 1, 15. Applying the "prison mailbox rule," the Court recognize the earlier date as the filing date. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[3] Miles was tried with Talley and, like Talley, was convicted of reckless murder. Talley testified at the trial, denying his involvement in the offense, but Miles did not testify. On September 14, 2017, Miles was sentenced to 25 years in prison.

2

Respondents argue that Talley's § 2254 petition is time-barred under AEDPA's one-year statute of limitations. Doc. 11 at 2–3. The undersigned agrees and recommends that the petition be denied and that this case be dismissed with prejudice.

## II.    DISCUSSION

### A.    AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following statute of limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Computation of Timeliness of Talley's Petition

Usually, § 2244(d)(1)(A) is the controlling subsection of AEDPA's statute of limitations so that, in most cases, a § 2254 petition must be filed within a year after the underlying judgment becomes final, either by conclusion of direct review or expiration of the time to seek direct review. *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006); *see* 28 U.S.C. § 2244(d)(1)(A). Where a petitioner appeals his Alabama conviction but does seek certiorari review in the Alabama Supreme Court, his judgment of conviction becomes final when the time to seek that review expires. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012)).

The Alabama Court of Criminal Appeals affirmed Talley's conviction in a memorandum opinion issued on January 5, 2018. Doc. 11-5. Talley did not apply for rehearing in the Alabama Court of Criminal Appeals. Nor did he file a petition for writ of certiorari in the Alabama Supreme Court. Accordingly, his conviction became final for purposes of § 2244(d)(1)(A) on the date his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the Alabama Court of Criminal Appeals issued its January 5, 2018 memorandum opinion affirming Talley's conviction—i.e., on January 19, 2018. *See* Ala. R. App. P. 40(c). Therefore, absent some effective tolling event, Talley had until January 21, 2019 (the first business day after January 19, 2019),[4] to file a timely petition under § 2254.

---

[4] January 19, 2019, was a Saturday.

4

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). Talley, however, did not file a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Therefore, he received no tolling benefit from application of § 2244(d)(2).

Talley sets forth no facts demonstrating a tolling event under subsection (B), (C), or (D) of 28 U.S.C. § 2244(d)(1). He does not show or allege that an unlawful state action impeded him from filing a timely § 2254 petition, § 2244(d)(1)(B); or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, § 2244(d)(1)(C); or that the facts supporting any of his claims could not have been discovered earlier through the exercise of due diligence, § 2244(d)(1)(D).

With specific regard to the last of these subsections, if § 2244(d)(1)(D) were to be applied to Talley's claim of "newly discovered evidence"—which Talley bases on his assertion that his codefendant Hakeem Miles testified at a sentencing hearing in September 2017 that he participated in the murder and that Talley was not involved—the limitation period for this new-evidence claim would have commenced before the limitation period provided in § 2244(d)(1)(A). Under subsection (D), the limitation period begins to run when a petitioner knows or, through due diligence, could have discovered the factual predicate for his claim. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014). The due diligence inquiry considers "whether a reasonable investigation . . . would have uncovered" the alleged newly discovered evidence. *Green v. Sec'y, Dep't of Corr.*,

5

No. 8:20-CV-1258-KKM-TGW, 2023 WL 4157349, at *2 (M.D. Fla. June 23, 2023). Here, Talley does not say when he learned about Miles's testimony.[5] Thus, the Court must presume that the facts supporting Talley's new-evidence claim were discoverable by Talley through the exercise of due diligence when, or soon after, Miles testified at the September 2017 sentencing hearing. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) (finding that § 2244(d)(1)(D) did not apply to petitioner's new-evidence claims because petitioner failed to offer any explanation how the factual predicate for his claims could not have been discovered earlier and did not indicate when he discovered the factual predicate for his claims). Under § 2244(d)(1)(A), Talley's conviction became final, and the one-year limitation period started to run, on January 19, 2018—over three months after Miles's testimony allegedly clearing Talley. Because Talley could have discovered Miles's testimony through due diligence shortly after the September 2017 sentencing hearing, the one-year period under § 2244(d)(1)(D) for Talley to raise his new-evidence claim[6] would have started well before January 19, 2018, when the one-year period started under § 2244(d)(1)(A). Talley is not entitled to a later start time for the statute of limitations under § 2244(d)(1)(D).

---

[5] Nor does Talley provide any specifics about Miles's alleged exculpatory testimony.

[6] Courts have held that "'when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not newly discovered,'" *United States v. Lofton*, 333 F.3d 874, 875–76 (8th Cir. 2003) (alteration omitted) (quoting *United States v. Offutt*, 736 F.2d 1199, 1202 (8th Cir. 1984) (per curiam)), "especially where the moving party knows about the involvement of that witness," *United States v. Bell*, 761 F.3d 900, 911 (8th Cir. 2014). Such evidence is considered "newly available" rather than newly discovered. *See United States v. Owen*, 500 F.3d 83, 89 (2d Cir. 2007).

Thus, the Court finds that AEDPA's statute of limitations for all claims in Talley's petition started to run on January 19, 2018, and expired for Talley on January 21, 2019. Talley filed his § 2254 petition on June 29, 2021—well over two years after expiration of the statutory period.

The AEDPA's one-year limitation period can be tolled on an equitable basis when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Talley makes no claim that he is entitled to equitable tolling, and the Court finds no basis for equitable tolling. Therefore, the doctrine of equitable tolling cannot be invoked to remedy Talley's otherwise time-barred filing.

It has been recognized that an untimely habeas petition can be overcome—thereby opening the door to federal review—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v.*

*Delo*, 513 U.S. 298, 327 (1995).[7] Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Talley does not assert his actual innocence as a gateway to review of the claims in his otherwise time-barred § 2254 petition. But even if he were to assert his actual innocence based on Miles's allegedly exculpatory testimony, Talley's allegations are insufficient to sustain a claim of actual innocence. As noted above, Talley provides the Court with no specifics about Miles's alleged testimony, and a transcript of Miles's sentencing hearing is not in the record. Further, at trial, the State presented eyewitness testimony placing Talley with a group of three or four men who were surrounding the victim when he was shot and identifying Talley as one of two men who were holding guns just before the victim was shot. At most, Miles's alleged testimony that Talley was not involved in the shooting—testimony given under circumstances where Miles had little to lose by clearing Talley of involvement in the crime—would have created a factual issue for the jury to resolve in light of the trial testimony implicating Talley in the offense. "[T]he actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333

---

[7] In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

(O'Connor, J., concurring) (internal quotation marks omitted), and Talley's is not such a case. Because Talley fails to make a colorable claim of actual innocence, his petition is time-barred and the claims therein are subject to no further review.

## III. CONCLUSION

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that Talley's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **November 7, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of October 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE